# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2939
_____

Michael D. Chaffee

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted: June 17, 2014
Filed: July 11, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Michael D. Chaffee appeals the district court's[1] order affirming the denial, in part, of supplemental security income and disability insurance benefits. After a May 2010 hearing, an administrative law judge (ALJ) found that Chaffee's severe impairments–chronic obstructive pulmonary disease (COPD), asthma, hypertension, and a history of inguinal hernia repair–did not alone or combined meet or medically equal a listing; his residual functional capacity (RFC) for less than a full range of sedentary work precluded his past relevant work; based on a vocational expert's testimony, as of Chaffee's alleged onset date of January 2007, he could perform certain unskilled sedentary jobs available in substantial numbers; but once Chaffee reached age 50 on April 1, 2010, when his age category changed to an individual closely approaching advanced age, see 20 C.F.R. §§ 404.1563, 416.963, his COPD became disabling under the Medical-Vocational Guidelines. The Appeals Council denied review of the determination that Chaffee was not disabled from the alleged onset date until April 1, 2010; and the district court affirmed. Upon de novo review, we find that the ALJ's decision was supported by substantial evidence on the record as a whole. See Myers v. Colvin, 721 F.3d 521, 524 (8th Cir. 2013).

Specifically, we find that substantial evidence supports the ALJ's RFC determination. See Perks v. Astrue, 687 F.3d 1086, 1092 (8th Cir. 2012) (medical records, physician observations, and claimant's subjective statements about his capabilities are considerations in RFC determination, which must be supported by some medical evidence).[2] We also conclude that the ALJ properly discounted the

---

[1]The Honorable Erin Setser, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]An ALJ must evaluate a claimant's credibility before determining RFC, see Wagner v. Astrue, 499 F.3d 842, 851 (8th Cir. 2007), but Chaffee does not challenge the ALJ's reasons for finding that his subjective complaints were not entirely credible, see Hacker v. Barnhart, 459 F.3d 934, 937 n.2 (8th Cir. 2006) (where party does not raise or address issue in his brief, issue is deemed abandoned)

2010 letter from treating physician Richard Burnett, because Dr. Burnett did not explain why or when Chaffee was unable to work, see McDade v. Astrue, 720 F.3d 994, 999-1000 (8th Cir. 2013) (treating physician's opinion does not deserve controlling when it merely consists of conclusory statement), and a determination that a claimant is disabled is a judgment reserved for the Commissioner, see id. Finally, we find no merit to the remaining arguments that Chaffee raises, or appears to raise, on appeal. The judgment of the district court is affirmed.

_____